UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY EARL DOWNS, | |
| Plaintiff, | 3:09-cv-00569-HDM-VPC |
| vs. | |
| JAMES BACA, *et al.*, | **ORDER** |
| Defendants. | |

This a *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983.  This matter comes before the Court for screening of the amended complaint, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

**I. Procedural History**

Plaintiff filed a *pro se* civil rights complaint on August 6, 2009, in the Eighth Judicial District Court of the State of Nevada in the County of Clark.  (Docket #1, Exhibit A).  Defendants James Baca and Adam Watson were served August 27, 2009.  Defendants filed a Notice of Removal in this Court on September 28, 2009.  (Docket #1).  On October 5, 2009, defendants Christine Napolitano and Andrew Napolitano made an appearance, with each filing *pro se* answers to the complaint.  (Docket #4 and #5).[1]  Plaintiff filed an amended complaint on October 23, 2009.

---

[1] Christine and Andrew Napolitano, who are proceeding *pro se*, filed an amended answer on November 18, 2009.  (Docket #16).  Christine and Andrew Napolitano also filed a combined motion to dismiss, motion for judgment on the pleadings, and motion for summary judgment.  (Docket #17, #18, and #19).  By order filed July 23, 2010, the motions were denied, without prejudice, as premature.  (Docket #30).

(Docket #10).

A party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Federal Rule of Civil Procedure 15(a)(1)(B). As such, this action proceeds on the amended complaint, filed October 23, 2009. (Docket #10). In this order, the Court screens the amended complaint.

**II. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on

legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.  The Amended Complaint in the Instant Action**

Plaintiff names the following defendants in the amended complaint: Christine Napolitano, Andrew Napolitano, James Baca, and Adam Watson.  The amended complaint concerns allegations of events that occurred when plaintiff was incarcerated at Nevada State Prison.[2]  The amended complaint contains seven counts.  Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks damages for emotional distress.

Before setting out the individual counts of the amended complaint, plaintiff makes an introductory statement in the amended complaint.  Plaintiff alleges that on June 29, 2007, he was summoned from his cell by associate warden of programs James Baca and associate warden of operations Adam Watson.  Defendants Baca and Watson informed plaintiff that Christine Napolitano had called the prison and lodged a complaint against plaintiff, accusing him of extortion.  Plaintiff had filed a civil action against Christine Napolitano, a private citizen.  Plaintiff was housed in administrative segregation pending an investigation.  Plaintiff was released from administrative segregation on August 8, 2007.  (Am. Compl., Docket #10, at pp. 2-3).

**Count I**

Plaintiff alleges that his Fourth Amendment rights against "unlawful seizure and detention" were violated because he was placed in administrative segregation on June 29, 2007, without just cause and in violation of Nevada Department of Corrections guidelines and procedures. Plaintiff claims that Christine Napolitano is responsible for his incarceration in administrative segregation because she reported a false extortion charge to prison officials.  (Am. Compl., at p. 3). Plaintiff alleges that Andrew Napolitano (an inmate) conspired with his mother, Christine, to make

---

[2] Plaintiff is currently incarcerated at Nevada's Southern Desert Correctional Center.

the false extortion allegation against plaintiff.  Plaintiff asserts that defendant Watson is liable for his actions in ordering plaintiff "to be seized and confined in ad seg."  Plaintiff claims that defendant Baca made the decision to retain him in administrative segregation for 36 days.

Although plaintiff claims a Fourth Amendment violation in Count I, the claim is more appropriately treated as a due process claim.  Procedural due process guarantees with respect to a state-created liberty interest of a prisoner apply to those liberty interests that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  The Ninth Circuit has held that placement in administrative segregation does not implicate a deprivation of liberty in violation of the Due Process Clause.  *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

Even assuming that confinement in administrative segregation implicates due process protections, plaintiff alleges no violation in the instant action.  When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time afer the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).  Before review, the prisoner must receive some notice and an opportunity to respond.  *Hewitt v. Helms*, 459 U.S. at 476.  The prisoner is not, however, entitled to an opportunity to present witnesses.  *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).

In the instant case, plaintiff alleges that defendant Watson violated his rights by ordering him placed in administrative segregation.  An initial placement in administrative segregation does not state a claim for a constitutional violation.  *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).  Plaintiff further alleges that, at the hearing to review his continued confinement in administrative segregation, defendant Baca made the decision to retain plaintiff in administrative segregation for an additional 36 days.  Plaintiff received a timely review of his confinement in administrative segregation, but he merely disagrees with the result made by defendant Baca to retain

him in administrative segregation for an additional 36 days.  Plaintiff fails to state a cognizable claim regarding his confinement in administrative segregation, and because amendment would be futile, the Count I is dismissed with prejudice.

**Count II**

Plaintiff entitles Count II of the amended complaint as "Attempt to Deny Access to the Court." (Am. Compl., at p. 4).  Plaintiff alleges that the defendants in Count I took action to deter him from exercising his First Amendment right to access the court (through the lawsuit against Christine Napolitano).

A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55.  "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351.  Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." Id.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.  In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354.

In the instant case, plaintiff's allegations fail to state a cognizable claim for denial of access to the courts.  First, plaintiff's lawsuit against Christine Napolitano is not a direct criminal appeal, habeas corpus proceeding, or a civil rights action challenging plaintiff's conditions of confinement.  As such, the lawsuit does not fit within the categories of lawsuits for which a right of access to the courts exists. *Lewis v. Casey*, 518 U.S. at 354-55.  Second, plaintiff fails to meet the actual injury requirement, as there is no allegation that "that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.  Plaintiff fails to state a cognizable claim for denial of access to the courts, and because amendment would be futile, the Count II is dismissed with

prejudice.

**Count III**

Plaintiff alleges "unlawful and false imprisonment" as a result of being confined to administrative segregation from June 29, 2007 through August 9, 2007. (Am. Compl, at p. 5). As set forth in the order, *supra*, the Ninth Circuit has held that placement in administrative segregation does not implicate a deprivation of liberty in violation of the Due Process Clause. *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). As such, plaintiff's allegation of "unlawful and false imprisonment" fails to state a cognizable claim for a violation of his constitutional rights. As amendment would be futile, Count III is dismissed with prejudice.

**Count IV**

Plaintiff entitles Count IV as "making a false charge," and alleges that this violated his federal and state rights. (Am. Compl., at p. 5). Plaintiff alleges that, because Christine Napolitano made a false allegation of extortion, he was confined to administrative segregation for 40 days. Plaintiff further alleges that Andrew Napolitano conspired with his mother Christine to make false charges against him.

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). However, where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *see also DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). For a conspiracy between the state and private parties under § 1983, the plaintiff "must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc). Conclusory allegations are insufficient to state a claim for conspiracy. *See Simmons*, 318 F.3d at 1161; *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783-84 (9th Cir. 2001); *Price*, 939 F.2d at 708-09.

In the instant case, defendants Christine and Andrew Napolitano are private parties

and were not acting under color of state law. Plaintiff's has alleged nothing to indicate that Christine and Andrew Napolitano conspired with state officials to deprive plaintiff of his rights. Rather, the claim of conspiracy in the instant case is merely conclusory. Because plaintiff fails to state a claim and an amendment would be futile, Count IV is dismissed with prejudice.

**Count V**

Plaintiff alleges "intentional infliction of emotional distress." (Am. Compl., at p. 5). Plaintiff alleges that the false allegation of extortion and his resulting confinement in administrative segregation from June 29, 2007, through August 8, 2007, were done for the purpose of inflicting emotional distress upon him. Plaintiff asserts this claim against all defendants.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In order to maintain an action seeking relief for emotional distress suffered by a prisoner while in custody, there must be an allegation of actual physical injury. *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). In the instant case, plaintiff has alleged emotional distress without any physical injury. Because plaintiff fails to state a claim and amendment would be futile, Count V is dismissed with prejudice.

**Count VI**

Plaintiff alleges retaliation for exercises his First Amendment rights. (Am. Compl., at p. 6). Plaintiff alleges that his confinement to administrative segregation was "in retaliation for the exercise of plaintiff's First Amendment right of access to the court." (*Id.*).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See*

*Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must allege facts, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806.

In the instant case, plaintiff alleges that he had filed a lawsuit against Christine and Andrew Napolitano. Because Christine Napolitano notified prison officials about possible extortion, plaintiff was placed in administrative segregation for 36 days, pending resolution of the allegation. Plaintiff has not alleged a "but-for" causal link between the exercise of a protected activity and the alleged retaliatory behavior by any of the named defendants. That is, plaintiff is not alleging that he filed a grievance or lawsuit against prison officials and those prison officials retaliated by placing him in administrative segregation. Plaintiff fails to state a viable retaliation claim against any defendant, and Count VI will be dismissed with prejudice.

**Count VII**

Plaintiff alleges that all defendants are liable for conspiring to violate plaintiff's constitutional rights. (Am. Compl., at p. 6). To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C. §1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991) (when pleading a section 1983 claim requiring a showing of subjective intent, a plaintiff is subject to a heightened pleading standard). A complaint alleging a section 1983 conspiracy must allege facts showing an agreement or meeting of the minds of the conspirators. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). The complaint must also include "nonconclusory allegations containing evidence of unlawful intent." *See Branch*, 937 F.2d at 1386. In the instant case, the amended

8

complaint contains only conclusory allegations of conspiracy. There is no allegation of an agreement or meeting of the minds among the defendants to violate plaintiff's constitutional rights. Plaintiff fails to state a viable conspiracy claim against any defendant, and Count VII will be dismissed with prejudice.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice as to all counts and all defendants.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED this 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE